*18*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States Division Court
Southern District of Texas
ENTERED

MAR - 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| **United States of America,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-167** |
| | § | |
| **The North 45.83 Acres of Block 6** | § | |
| **"Cole Tract" Located in Cameron** | § | |
| **County, Texas as per Map Recorded** | § | |
| **in Volume 4, page 20, Map Records of** | § | |
| **Cameron County, Texas with All** | § | |
| **Improvements Thereon and** | § | |
| **Appurtenances Thereto,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER of FORFEITURE**

BE IT REMEMBERED that on March 2, 2001, the Court considered the
Government's Motion for Default Judgment [Dkt. No. 15].[1]

**I.   Introduction**

On October 10, 2000, Mr. Hector de Ochoa plead guilty to conspiracy to
distribute marihuana.  In that plea, Mr. de Ochoa admitted under oath that in 1998 and
1999 he had been involved in a conspiracy to ship marihuana on numerous occasions.
The Government seeks a Default Judgment and a Final Order of Forfeiture against any

---

[1] The Court previously ordered the Government to submit affidavits which
complied with Fed. R. Civ. P. 56(e) [Dkt. No. 16] in order to be considered for its motion
for summary judgment.  However, those affidavits were not necessary for consideration
of the Government's motion for default judgment, and in any event, the Government
voluntarily withdrew its motion for summary judgment [Dkt. No. 17].  In the interest of
expediency, the Court did not require the Government to re-file its motion for default
judgment.

claim to the Defendant Property[2] by Mr. de Ochoa.

## II.    Procedural Background

In accordance with 18 U.S.C. § 985(c)(1)(A), the Government filed its Complaint for Forfeiture In Rem seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. § 881(a)(7) on October 20, 2000.  In accordance with 18 U.S.C. § 985(c)(1)(C), Mr. de Ochoa was served with the Complaint by certified mail on October 23, 2000.  Personal service of the Complaint was accomplished by the United States Marshals on October 26, 2000.  A notice of Complaint was also posted on the Defendant Property on October 26, 2000.  Moreover, in accordance with Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims (which govern forfeiture proceedings in rem), notice of forfeiture was published in the *Brownsville Herald* newspaper for three consecutive weeks beginning on November 1, 2000 and ending on November 16, 2000.

On October 27, 2000, counsel for Mr. de Ochoa's mother, Guadalupe V. de Ochoa, filed a "Claim and Answer of Guadalupe V. de Ochoa" [Dkt. No. 4].[3]  On November 8, 2000, Mr. de Ochoa filed pro se "Claimant Hector de Ochoa's Verified Original Answer to Verified Complaint for Civil Forfeiture in Rem" [Dkt. No. 14].

## III.    The Law

A claimant must file a claim no later than 35 days after personal service notifying him of the complaint seeking forfeiture.  18 U.S.C. § 883(a)(2)(B).  The filing of a claim is a prerequisite to the right to file an answer and defend on the merits.  See United States v. One 1988 Dodge Pickup, 959 F.2d 37, 42 n. 6 (5th Cir. 1992).  A proper claim

---

[2]  The Defendant Property is more particularly described as the north 45.83 acres of block 6  "Cole Tract" located in Cameron County, Texas as per map recorded in volume 4, page 20, map records of Cameron County, Texas with all improvements thereon and appurtenances thereto.

[3]  Mrs. Guadalupe V. de Ochoa's claim is not the subject of this order.

2

must be verified on oath or solemn affirmation, and must state the interest in the property by virtue of which the claimant demands its restitution and right to defend the action [Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims]. Rule C(6) requires strict compliance.  See United States v. Real Property Located at 14301 Gateway Blvd. West, 123 F.3d 312, 313 (5th Cir. 1997).

**IV.    Mr. de Ochoa has failed to file a claim within the statutory period; therefore, his answer is a nullity and default judgment against him is merited.**

Mr. de Ochoa failed to file a claim within 35 days of when personal service was effected on him; indeed, to date he has not filed a claim as required by statute.  Instead, Mr. de Ochoa filed "Claimant Hector de Ochoa's Verified Original Answer to Verified Complaint for Civil Forfeiture in Rem."  However, Mr. de Ochoa had no statutory standing to file an answer before he filed a claim declaring his interest in the Property. Since Mr. de Ochoa has failed to file a verified claim in which he attests to his interest in the Property, his answer is a nullity.  Default judgment against him is merited for failure to comply with 18 U.S.C. § 883(a)(2)(B).

**V.    Conclusion**

In summary, the Court:

1)    **GRANTS** the Government's Motion to Withdraw Motion for Summary Judgment and to Re-Urge Motion for Default Judgment and Order of Forfeiture [Dkt. No. 17];

2)    **GRANTS** the Government's Motion for Default Judgment [Dkt. No. 15] against any claim to the Defendant Property by Mr. de Ochoa;

3)    **STRIKES** Mr. de Ochoa's answer; and

4)      **ENTERS** a **FINAL ORDER OF FORFEITURE**.

DONE at Brownsville, Texas, this 2nd day of March 2001.

Hilda G. Tagle
United States District Judge

4