22

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO. B-00-167 |
| | * | |
| THE NORTH 45.83 ACRES OF | * | |
| BLOCK 6 "COLE TRACT" LOCATED | * | |
| IN CAMERON COUNTY, TEXAS AS | * | |
| PER MAP RECORDED IN VOLUME 4, | * | |
| PAGE 20, MAP RECORDS OF | * | |
| CAMERON COUNTY, TEXAS WITH | * | |
| ALL IMPROVEMENTS THEREON AND | * | |
| APPURTENANCES THERETO | * | |
| | * | |
| Defendant. | * | |

## SETTLEMENT AGREEMENT

The United States of America, through Mervyn M. Mosbacker, United States Attorney, and GUADALUPE V. de OCHOA (hereafter "Claimant"), through her counsel, L. Aron Pena, hereby enter into an agreed settlement of this action under and in accordance with the terms set forth below relating to the forfeiture of 45.83 acres of land located in Cameron County, Texas, more particularly described as follows:

> THE NORTH 45.83 ACRES OF BLOCK 6 "COLE TRACT" LOCATED
> IN CAMERON COUNTY, TEXAS AS PER MAP RECORDED IN VOLUME 4,
> PAGE 20, MAP RECORDS OF CAMERON COUNTY, TEXAS WITH
> ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO

(hereinafter "Defendant Property").

The terms of the settlement are as follows:

1. Claimant agrees and stipulates that the Defendant Property is forfeitable to the United States, pursuant to the provisions of 21 U.S.C. § 881(a)(7), as property used to facilitate

the distribution of controlled substances.

2. As a result of that forfeitablility, Claimant, or someone acting on behalf of claimant or as claimant's representative ("Claimant's representative"), agrees to sell, using commercially reasonable procedures and under commercially reasonable terms, the Defendant Property to a buyer acceptable to the United States Attorney, or his representative, at a price approved by the United States Attorney, or his representative.

3. Claimant, or Claimant's representative, agrees to bear the costs of such sale and will complete the sale, to include closing upon the sale and registering the deeds of the sale, within a period of one year from the date of execution of this agreement by the parties.

4. As further consideration for this agreement, Claimant agrees that under no circumstances is the Defendant Property to be sold or in any way is title to Defendant Property or are proceeds from a sale of the Defendant Property to be transferred to or vested in, directly or indirectly, Hector de Ochoa or any spouse of Hector de Ochoa.

5. Proceeds of the sale of Defendant Property, as set forth above under paragraph 2, shall be expended and distributed as follows in descending priority:

    a. Any costs, excepting attorney fees and court costs, incurred by the United States associated with the seizing, preserving and maintaining the Defendant Property;

    b. All costs of publication and notice incurred by the United States during the course of seeking forfeiture of the Defendant Property;

    c. The remaining proceeds shall be distributed to Claimant, Guadalupe V. de Ochoa, or as she directs, except that none of the proceeds or any property

2

traceable to the proceeds of this sale shall be distributed either directly or indirectly to Hector de Ochoa or any spouse of Hector de Ochoa.

6. In the event Claimant, or Claimant's representative, fails to complete the sale within the period set forth in this agreement or under the terms set forth in this agreement, Claimant, or Claimant's representative, stipulates and agrees that the Defendant Property is forfeit to the United States effective midnight one year from the date of execution of this agreement by the parties.

7. In the event the Defendant Property is forfeit to the United States as provided by paragraph 6 of this agreement, the United States Government, or whoever is acting upon its behalf, shall sell the Defendant Property in the usual manner in which such forfeited property is sold and the proceeds from the sale of Defendant Property shall be distributed in the following descending priority:

(a) To reimburse USMS for its reasonable administrative costs in exercising jurisdiction over, preserving, maintaining or marketing the Defendant Property;

(b) To pay all reasonable commissions and costs of sale;

(c) To pay any other allowed claims pertaining to the Defendant Property, and interest, if any, in a sequence and priority to be determined by the Court at a later date;

(d) All remaining proceeds shall be disbursed by USMS to Mrs. Guadalupe V. de Ochoa in accordance with law, except that none of the proceeds or any property traceable to the proceeds of this sale shall be distributed either directly or indirectly to Hector de Ochoa or any spouse of Hector de Ochoa.

8. No representation of any type is made by the Government as to the amount to be

3

received from the sale of the Defendant Property or as to any costs of preserving, maintaining or selling, the Defendant Property.

9. As further consideration in support of this settlement, each party agrees to dismissal of this case with prejudice as to both parties.

10. Each party is to bear its own attorney fees and costs incurred during the course of the action relating to the Defendant Property, to include the previous administrative action.

11. This settlement agreement constitutes a complete and final settlement between the parties and resolves all claims and issues relating to the Government's seizure of the Defendant Property vis-a-vis Mrs. Guadalupe V. de Ochoa. As such, Claimant releases and forever discharges the United States, its employees, representatives and agents, including the U.S. Customs Service, the U.S. Attorney's Office and the U.S. Department of Justice, from all claims and causes of action arising out of or relating to the prosecution or settlement of this action, however, this paragraph shall not act as a release or discharge of the obligations and duties imposed on the United States by this Settlement Agreement. Similarly, except as provided by this agreement, the United States releases Claimant from all liability relating to the Defendant Property.

12. Further, as part of the agreed settlement in this case, Claimant stipulates that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to arrest the Defendant

Property and that claimant agrees to the entry of a certificate of reasonable cause as provided by 28 U.S.C. § 2465.

APPROVED AS TO FORM AND SUBSTANCE:

Dated: *March 14/2001*

| | |
|---|---|
| MERVYN M. MOSBACKER<br>UNITED STATES ATTORNEY<br><br>By: _____<br><br>RONALD G. MORGAN<br>Assistant U.S. Attorney<br>Fed Bar No. 23902<br>TX Bar No. 00795014<br>600 East Harrison Street, #201<br>Brownsville, Texas 78521<br>Tel. (956)548-2554<br>Fax (956) 584-2711 | GUADALUPE V. de OCHOA<br>CLAIMANT<br><br>By: _____<br><br>L. ARON PENA<br>Counsel for Claimant<br>Fed Bar No. 5681<br>TX Bar No. 15739000<br>Law Offices of L. Aron Pena<br>600 South Closner<br>Edinburg, Texas 78539<br>Tel. (956) 383-5311<br>Fax (956) 380-2722 |

5