23

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO. B-00-167 |
| | * | |
| THE NORTH 45.83 ACRES OF | * | |
| BLOCK 6 "COLE TRACT" LOCATED | * | |
| IN CAMERON COUNTY, TEXAS AS | * | |
| PER MAP RECORDED IN VOLUME 4, | * | |
| PAGE 20, MAP RECORDS OF | * | |
| CAMERON COUNTY, TEXAS WITH | * | |
| ALL IMPROVEMENTS THEREON AND | * | |
| APPURTENANCES THERETO | * | |
| | * | |
| Defendant. | * | |

## FINAL ORDER OF FORFEITURE AND RELEASE

Upon consideration of the "Settlement Agreement" in the above styled case entered into by and between the parties to this action on _March 14, 2001_

The Court **FINDS**:

1. That the Defendant Property is forfeitable to the United States, pursuant to the provisions of 21 U.S.C. § 881(a)(7), as property used to facilitate the distribution of controlled substances.

In view of the foregoing finding IT IS HEREBY **ORDERED**:

1. Claimant, or anyone acting on behalf of claimant or as claimant's representative ("Claimant's representative"), shall sell, using commercially reasonable procedures and under commercially reasonable terms, the Defendant Property to a buyer acceptable to the United States Attorney, or his representative, at a price approved by the United States Attorney, or his representative.

2. Claimant, or Claimant's representative, is to bear the costs of selling the Defendant

Property, in accordance with paragraph 1 above, and will complete the sale, to include closing upon the sale and registering the deeds of the sale, within a period of one year from the date of execution of this agreement by the parties.

3. As agreed to between the parties, the Defendant Property will not be sold or in any way will title to Defendant Property or proceeds from the sale of Defendant Property be transferred to or vested in Hector de Ochoa or any spouse of Hector de Ochoa.

4. Proceeds of the sale of Defendant Property in accordance with paragraph 1, shall be used and distributed as follows in descending priority:

    a. All costs, excepting attorney fees and court costs, of the United States associated with the seizure and safekeeping of the Defendant Property;

    b. All costs of publication and notice incurred by the United States during the course of seeking forfeiture of the Defendant Property;

    c. The remaining proceeds shall be distributed to Claimant, Guadalupe V. de Ochoa, or as she directs, except that none of the proceeds or any property traceable to the proceeds of this sale shall be distributed either directly or indirectly to Hector de Ochoa or any spouse of Hector de Ochoa.

5. In the event Claimant, or Claimant's representative, fails to complete the sale within the period set forth in this agreement or under the terms set forth in this agreement, the Defendant Property is forfeit to the United States effective midnight one year from the date of execution of this agreement by the parties.

6. In the event the Defendant Property is forfeit to the United States because of a failure by Claimant, or Claimant's representative, to sell the Defendant Property in accordance with paragraph 1, the United States Government, or whoever is acting upon its behalf, shall sell the Defendant Property in the usual manner in which such property is sold and the proceeds from

such a sale shall be distributed in the following descending priority:

(a) To reimburse USMS for its reasonable administrative costs in exercising jurisdiction over, preserving, maintaining or marketing the Defendant Property;

(b) To pay all reasonable commissions and costs of sale;

(c) To pay other Allowed Claims pertaining to the Defendant Property, and interest, if any, in a sequence and priority to be determined by the Court at a later date;

(d) All remaining proceeds shall be disbursed by USMS to Mrs. Guadalupe V. de Ochoa in accordance with law, except that none of the proceeds or any property traceable to the proceeds of this sale shall be distributed either directly or indirectly to Hector de Ochoa or any spouse of Hector de Ochoa.

7. Based upon Claimant's stipulation that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to arrest the Defendant Property, the Court finds that reasonable cause, under 18 U.S.C. § 981 and 28 U.S.C. § 2465, existed for arrest of the Defendant Property.

8. Each party is to bear its own attorney fees and costs incurred during the course of the action relating to the Defendant Property, to include the previous administrative action.

9. Based upon the agreement of the parties, as reflected in and in accordance with the terms contained in the "Agreed Settlement" entered into by the parties on March 14, 2001, 2001, the Court orders that this matter be dismissed with prejudice as to both parties.

ORDERED and SIGNED this 26th day of March, 2001, at Brownsville, Texas.

Hilda Tagle
UNITED STATES DISTRICT JUDGE

3

F.L.# 5681 Atty for Claimant